IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD JOHNSON,

    Petitioner,

v.

KATHLEEN L. DICKINSON, Warden,

    Respondent.
                                   /

No. C 10-02130 CW (PR)

ORDER OF TRANSFER

FILED

AUG 3 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

    This case was opened when Petitioner, who is incarcerated at the California Medical Facility (CMF), filed "Appellant's Informal Brief" on a preprinted form from the Ninth Circuit Court of Appeals. He has filed a motion for appointment of counsel and also seeks leave to proceed in forma pauperis.

    The Clerk of the Court classified this case on the docket as a habeas action. Petitioner's claims, however, seem to challenge the conditions of his confinement rather than the fact of his confinement or the length of it. It may be, therefore, that his claims are not properly the proper subject of a habeas action. See Moran v. Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    If this case is treated as a civil rights case, the proper venue would be the Eastern District of California, where the defendants would be found and where the claims arose. See 28

1  U.S.C. § 1391(b).  If the case is treated as a habeas case,
2  Petitioner's claims may involve the execution of his sentence.
3  Such claims are preferably heard in the district of confinement,
4  Habeas L.R. 2254-3(a); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir.
5  1989), and Petitioner is confined at CMF in Solano County, which is
6  located in the Eastern District of California.  The Court therefore
7  need not resolve whether this should be treated as a habeas case or
8  a civil rights case, because either way the preferable venue is not
9  this Court, but rather the Eastern District of California court.
10       This case therefore is TRANSFERRED to the United States
11 District Court for the Eastern District of California.  <u>See</u> 28
12 U.S.C. § 1404(a).
13       All remaining motions are TERMINATED on this Court's docket as
14 no longer pending in this district.
15       IT IS SO ORDERED.
16 Dated: **AUG 3 1 2010**
                                    _____
17                                  CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE