1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLIFFORD JOHNSON,

11             Plaintiff,                 No. 2:10-cv-02480 KJNP

12        vs.

13   KATHLEEN DICKINSON, et al.,

14             Defendants.               <u>ORDER</u>

15   _____/

16             Plaintiff is a state prisoner proceeding without counsel.  Pending before the court

17   is "Appellant's Informal Brief," completed on a form provided by the Ninth Circuit Court of

18   Appeals.  This case was originally filed as an application for a writ of habeas corpus pursuant to

19   28 U.S.C. § 2254, in the United States District Court for the Northern District of California.  The

20   case was transferred to this court for screening based on venue considerations.  Plaintiff also

21   requests leave to proceed in forma pauperis and seeks appointment of counsel.

22             Review of plaintiff's brief indicates that plaintiff seeks to challenge the April

23   2010 dismissal of his civil rights action in <u>Johnson v. Dickinson et al.</u>, 2:10-cv-00296 KJM P.  In

24   that action, the court found that plaintiff's complaint, which challenged a prison guard's verbal

25   harassment, failed to state a claim under the Civil Rights Act, 42 U.S.C. § 1983.  Plaintiff's

26   request to proceed in forma pauperis was nonetheless granted, as is required, <u>see</u> 28 U.S.C.

1

1 § 1915, and plaintiff proceeds to make monthly payments from his prison trust account until the

2 statutory filing fee of $350.00 is paid in full.  Plaintiff's request for appointment of counsel was

3 denied.  (Id., Dkt. No. 7.)

4          In the present action, plaintiff alleges that prison guards verbally abuse and harass

5 African-American inmates, causing mental anguish and embarrassment, and that the Warden at

6 plaintiff's place of incarceration, the California Medical Facility, fails to protect prisoners from

7 this conduct.  This court discerns no significant difference between this case and plaintiff's

8 dismissed case.  As the former magistrate judge explained (id. at 3):

9          [A] guard's verbal harassment or insults do not state a claim:  to find that
           harassment, without physical injury, states a claim would trivialize the
10         Constitution.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Spicer v.
           Collins, 9 F. Supp. 2d 673, 683 (E.D. Tex. 1998) (citing cases).

11

12 See also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor

13 the use of profanity violate the Eighth Amendment).

14          Given the similarity of the two cases filed by plaintiff, and the fact that plaintiff is

15 still paying the filing fee in the first case, the court will give plaintiff the opportunity to withdraw

16 this case without payment of another filing fee.  If plaintiff chooses to pursue the instant action,

17 he must, within thirty days of the filing date of this order, file an amended complaint on the form

18 provided with this order.  If plaintiff files an amended complaint, this court will then review and

19 process plaintiff's application to proceed in forma pauperis.[1]  If plaintiff chooses not to pursue

20 this action, he need file nothing more; at the end of thirty days, the court will close this case.

21          Should plaintiff seek to amend his complaint, he is informed of the following

22 requirements.

23          Any amended complaint must show that the federal court has jurisdiction, the

24 action is brought in the right place, and plaintiff is entitled to relief if his allegations are true.  It

25

26          [1]  Although plaintiff's application is set forth on a form used by the United States District
Court for the Northern District of California, it provides all required information.

1    must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

2    who personally participated in a substantial way in depriving plaintiff of a federal constitutional

3    right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

4    deprivation of a constitutional right if he does an act, participates in another's act or omits to

5    perform an act he is legally required to do that causes the alleged deprivation).  "Under Section

6    1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious

7    liability.  A supervisor may be liable [only] if there exists either (1) his or her personal

8    involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

9    supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642,

10   645-46 (9th Cir. 1989) (citations omitted).

11           The allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).

12   Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

13   If plaintiff has more than one claim based upon separate transactions or occurrences, the claims

14   must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

15           The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

16   307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

17   any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

18   P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

19   be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

20   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  While

22   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

23   action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

24   1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff

25   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

26   plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court is directed to redesignate this case as a civil rights action pursuant to 42 U.S.C. § 1983.

2.  The Clerk of Court is directed to provide plaintiff with the form used in this district for filing a civil rights action pursuant to 42 U.S.C. § 1983.

3.  Plaintiff may (but need not), within thirty (30) days of the filing date of this order, file, on the form provided, an amended complaint that conforms with the standards set forth herein.

4.  If plaintiff chooses to timely file an amended complaint, the court will review the amended complaint as well as plaintiff's application to proceed in forma pauperis and his request for appointment of counsel.

5.  If plaintiff chooses not to file an amended complaint, this case will be closed.

SO ORDERED.

DATED:  September 20, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2480.choice

5