IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD JOHNSON,

        Plaintiff,                  No. 2:10-cv-02480 KJNP

    vs.

KATHLEEN DICKINSON, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel who has consented to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 9.) See 28 U.S.C. § 636(c); Local Rule 305(a). Pursuant to order filed September 21, 2010 (Dkt. No. 8), this court found that plaintiff's initial pleading (Dkt. No. 1)[1] alleged the same violation of civil rights under 42 U.S.C. § 1983, as those dismissed in Johnson v. Dickinson et al., 2:10-cv-00296 KJM P. The court so informed plaintiff, deferred consideration of his motions to proceed in forma pauperis and for appointment of counsel, and accorded plaintiff the opportunity to simply close this case or to file an amended complaint that stated a cognizable claim. (Id.) Plaintiff has now filed an amended

---

[1] This case was originally filed as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of California. The case was transferred to this court for screening based on venue considerations.

1

1  complaint, making the same allegations, and filed a second motion to proceed in forma pauperis.

2          Plaintiff has submitted a declaration that makes the showing required by
3  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

4          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.
5  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
6  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court
7  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison
8  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to
9  make monthly payments of twenty percent of the preceding month's income credited to
10 plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
11 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
12 fee is paid in full.  28 U.S.C. § 1915(b)(2).

13         The court is required to screen complaints brought by prisoners seeking relief
14 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
15 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
16 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
17 granted, or that seek monetary relief from a defendant who is immune from such relief.
18 28 U.S.C. § 1915A(b)(1),(2).

19         Plaintiff again alleges that he suffered mental anguish as a result of hearing a
20 racist conversation between correctional officers Holland and Shelton, and being the recipient of
21 rude language by Holland.  As set forth in the underlying grievance, plaintiff, who is black,
22 sought to intercede in a heated conversation between Holland and Shelton by stating, "That is a
23 personal problem, that is a sickness, you don't need to be telling your business around us
24 inmates."  (Dkt. No. 13, at 8.)  Holland allegedly stated to plaintiff:  "Shut the fuck up, Mother
25 Fucker and get the fuck out of my face."  (Id.)

26         In his grievance, plaintiff sought an apology from Holland, and asked that

1 sensitivity training courses be provided.  (Id. at 6.)  Informal and first formal level reviews were
2 bypassed.  At the second level of review, plaintiff's grievance was partially granted based on the
3 finding that staff had violated California Department of Corrections and Rehabilitation policy.
4 (Id. at 6, 8.)  At the director's level (final) review, it was found that "[s]taff misconduct was
5 substantiated and the institution took the appropriate course of action."  (Id. at 10.)   Plaintiff's
6 requests for more specific personnel actions were found beyond the scope of the appeals process.
7 (Id.)

Plaintiff alleges in this court that the challenged incident violated his Eighth Amendment right to be free from "any punishment which violates civilized standards of humanity and decency." (Amended Complaint, Dkt. No. 13, at 3.)  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and the costs of suit.

As this court previously concluded, plaintiff's allegations fail to state a claim under Section 1983.  While the Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency," Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citation and internal quotations omitted), it does not support a claim for verbal harassment, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (making a "mere threat" a "constitutional wrong" "trivializes the eighth amendment"). Emotional injury alone is not actionable.  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

Because plaintiff's instant allegations remain identical to those dismissed in Johnson v. Dickinson et al., 2:10-cv-00296 KJM P, and because this court so informed plaintiff and accorded him the opportunity to withdraw this case or to amend his complaint to state a cognizable claim, this action will be dismissed as "frivolous" within the meaning of  28 U.S.C. § 1915A(b)(2)(B)(I).  Plaintiff is informed that if such a finding is made in two more of

plaintiff's civil rights actions, he will be ineligible to proceed in forma pauperis absent a finding by the court that plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2] Absent such a finding, plaintiff would be required to pay the full filing fee in order to obtain the court's review of his pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis (Dkt. Nos. 4, 14) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint (Dkt. No. 13) is dismissed without leave to amend.

4. Plaintiff's request for appointment of counsel (Dkt. No. 2) is denied.

5. The Clerk of the Court is directed to close this case.

DATED: December 27, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john2480.ifp.scrn.

---

[2] Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.